# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Willie James Simmons and Annette Simmons,<br><br>Debtor(s). | C/A No. 15-01913-JW<br><br>Chapter 13<br><br>**ORDER SANCTIONING GREEN TREE SERVICING LLC AND NEWREZ LLC** |

This matter comes before the Court upon the Order and Rule to Show Cause ("Rule to Show Cause") to Green Tree Servicing LLC ("Green Tree") and NewRez LLC d/b/a Shell Point Mortgage Servicing ("NewRez") entered on December 17, 2020. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. On May 18, 1999, Willie James Simmons and Annette Simmons ("Debtors") entered into a retail installment contract with Green Tree to purchase the Manufactured Home. As part of this transaction, Green Tree retained a lien on the Manufactured Home and possession of its certificate of title. It appears NewRez LLC d/b/a Shellpoint Mortgage Servicing is a successor in interest to Green Tree.

2. Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on April 7, 2015.

---

[1] To the extent the following findings of fact are conclusions of law, they are adopted as such, and vice versa.

3. On April 17, 2015, Green Tree filed a proof of claim indicating that it had a secured claim in the amount of $57,324.02 as to Debtors' 1999 Fleetwood Carriage Manufactured Home (VIN# GAFLX75AB69969-CD21) ("Manufactured Home"). Green Tree amended the proof of claim to assert the amount of the secured claim was $58,039.02.

4. On June 4, 2015, after no objections were filed, the Court confirmed Debtors' proposed chapter 13 plan ("Confirmed Plan"). The Confirmed Plan provided in part that:

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the right of the following creditor:

…

C. Valuation of Security: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| Green Tree, 1999 Fleetwood Carriage Mobile Home | 20,000.00 | none | 54,350.00 | $20,000.00 | 34,350.00 |

…

4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay **Green Tree** the sum of **$392.00** or more per month, along with **5.25%** interest until the secured claim of **$20,000.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim. 1999 Fleetwood Carriage Mobile Home

The Confirmed Plan also provided that "Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Section 1325(a)(5)(B)(i)(I) provides that a proposed plan may provide that "the holder of such [secured] claim retain the lien securing such claim until the earlier of—(aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328 . . . .."

2

5.  In addition, the Confirmed Plan provided that "[s]ecured creditors paid the full secured claim provided for by this plan shall timely satisfy and liens in the manner required by applicable law or order of this Court." Section 56-19-680 of the South Carolina Code provides the procedures for a lienholder to satisfy a security interest in a manufactured home. Specifically, this section provides that "[u]pon satisfaction of a security interest in a vehicle[, including manufactured homes with certificates of title,] for which the certificate of title is in possession of the lienholder, he shall, within ten days after demand, and in any event, within thirty days, execute a release of his security interest . . . ." The Court notes that it appears NewRez and Green Tree have not complied with the applicable state law requirements to satisfy the lien as, prior to the filing of Debtors' October 19, 2020 Motion for Contempt, more than thirty days passed after Debtors were granted a discharge in their bankruptcy case and more than ten days passed from the mailing of Debtors' two written demands to the parties for release of the lien.

6.  On May 1, 2020, the Chapter 13 Trustee issued a Report of Trustee of Completion of Plan Payments by Debtors, and on May 13, 2020, Debtors filed a Certification of Plan Completion and Request for Discharge.

7.  On June 3, 2020, the Court entered an Order Discharging Debtors

8.  On October 19, 2020, Debtors filed a Motion for Contempt seeking a release or satisfaction of the lien on its Manufactured Home and requested attorney's fees and expenses for filing the Motion. Debtors served the motion on the address listed for notices in Green Tree's proof of claim and on the registered agent for NewRez as listed with the South Carolina Secretary of State. No objections to the motion were filed, and no party appeared on behalf of Green Tree or NewRez at the hearing on the motion.

9. On November 17, 2020, the Court entered an Order Compelling Release of Lien and Directing Green Tree Servicing LLC and NewRez LLC to Pay Attorney's Fees and Costs ("November 2020 Order"). Under the November 2020 Order, the Court ordered Green Tree and NewRez to release the lien on the Manufactured Home and deliver its title to Debtors as well as pay the attorney's fees and costs of Debtors' counsel for filing the October 19, 2020 Motion for Contempt in the amount $2,222.95. NewRez and Green Tree were ordered to file a certificate of compliance with the November 2020 Order within ten (10) days of its entry. The November 2020 Order also provided that if Green Tree and NewRez failed to timely comply with the November 2020 Order, a sanction of $100.00 per day would apply and continue to accrue until such time as the parties have complied with the Court's order and filed the required certification. The Court served the November 2020 Order to the attention of an Officer, Managing or General Agent of Green Tree at the address listed for notices in Green Tree's proof of claim as well as on the registered agent for NewRez as listed with the South Carolina Secretary of State.

10. On December 7, 2020, Debtors filed a Motion for Contempt and Rule to Show Cause, which indicated that Green Tree and NewRez has not complied with the November 2020 Order. Debtors served the motion on the address listed for notices in Green Tree's proof of claim and on the registered agent for NewRez as listed with the South Carolina Secretary of State.

11. On December 17, 2020, the Court issued the Rule to Show Cause to NewRez and Green Tree, which ordered that representatives from NewRez and Green Tree appear before this Court on January 5, 2021 to explain their failure to comply with the

November 2020 Order and to show cause why they should not have sanctions imposed against them for their noncompliance.

12. On December 21, 2020, Debtors' counsel filed an affidavit of service indicating service of the Rule to Show Cause on the address listed for notices in Green Tree's proof of claim and on the registered agent for NewRez as listed with the South Carolina Secretary of State.

13. No response was filed to the Rule to Show Cause.

14. At the hearing on the Rule to Show Cause, neither a representative from NewRez nor Green Tree appeared. Counsel for Debtors attended the Rule to Show Cause hearing and indicated that his clients have not received the title to the Manufactured Home and that he has not received payment from NewRez or Green Tree for his attorney's fees and costs ordered under the November 2020 Order.

15. The record indicates that neither NewRez nor Green Tree have filed a certificate of compliance required under the November 2020 Order.

## CONCLUSIONS OF LAW

**1. Per-Day Sanction under November 2020 Order**

To coerce NewRez and Green Tree's compliance with the November 2020 Order, including releasing the lien on the Manufactured Home, delivering the title to the Manufactured Home to Debtors and the payment of the attorney's fees and costs for Debtors' counsel incurred to obtain this release of lien, the Court set forth certain penalties in the November 2020 Order if they failed to timely comply with the order. The November 2020 Order provided clear instructions to NewRez and Green Tree regarding the actions required under the order and the consequences for noncompliance. It appears they received

proper notice of the November 2020 Order but failed to comply with its mandates. *See In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). Therefore, the per day civil penalty described in the November 2020 Order is appropriate. *See In re Power Recovery Sys., Inc.*, 950 F.3d 798, 802–03 (1st Cir. 1991) (describing the sanctions of $670.00 per day levied by the bankruptcy court as an appropriate remedy for civil contempt since it was designed to coerce compliance with the bankruptcy court's order); *In re A.H. Robbins Co., Inc.*, 197 B.R. 561 (E.D. Va. 1994) (sanctioning an attorney $100.00 per day for each day he was in noncompliance with the debtor's confirmation order); *In re Markus*, 619 B.R. 552, 569 (Bankr. S.D.N.Y. 2020) (" '[A] per diem fine imposed for each day a contemnor fails to comply with an affirmative order . . . exert[s] a constant coercive pressure' such that 'once the [judicial] command is obeyed, the future, indefinite, daily fines are purged.'" (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)) (alterations in original)). NewRez and Green Tree shall purge their civil contempt of the November 2020 Order by paying $3,600.00, which represents the per-day sanctions described in the November 2020 Order from December 1, 2020 to January 5, 2020, to Debtors' Counsel to hold in escrow until a further order of this Court directs the appropriate recipient of this sanction. NewRez and Green Tree shall pay this sanction within fourteen (14) days from the entry of this Order or it shall be subject to further sanctions in the amount of $250.00 per day.

**2. Additional Attorney's Fees and Costs for Debtors' Counsel**

In their Motion for Contempt and Rule to Show Cause, Debtors requested the Court award the attorney's fees and costs incurred for filing the motion, which resulted from NewRez and Green Tree's noncompliance with the November 2020 Order. Debtors'

counsel has submitted an affidavit indicating that Debtors have incurred $872.50 in attorney's fees and costs for drafting and serving the Motion for Contempt and Rule to Show Cause, serving the Court's Rule to Show Cause and attending the hearing on the Rule to Show Cause.

As previously indicated in the November 2020 Order, this Court has previously awarded attorney's fees and costs to a debtor for actions taken to ensure compliance with the terms of a confirmed plan. *See In re Gillespie*, C/A No. 11-07910-jw, slip op. (Bankr. D.S.C. Aug. 2, 2017) (awarding attorney's fees to a debtor for filing a motion to enforce the confirmed plan); *In re Crawford*, 532 B.R. 655 (Bankr. D.S.C. 2015) (same); *In re Ford*, 522 B.R. 842, 848–49 (Bankr. D.S.C. 2015) (requiring a creditor to pay debtor's attorney's fees where the creditor's conduct constituted a violation of the confirmation order); *In re Berry*, 582 B.R. 886, 898-899 (Bankr. D.S.C. 2018) aff'd 2019 WL 1034484 (D.S.C. Mar. 5, 2019) (awarding attorney's fees and costs when servicer violated the terms of the confirmed plan); *see also GE Capital Mortgage v. Asbill (In re Asbill)*, C/A No. 3:99-0773-19, slip op. at 3–4 (D.S.C. Feb. 23, 2000) ("It is clear from the very terms of [11 U.S.C. § 105(a)] that Congress gave the Bankruptcy Court broad inherent discretionary powers to ensure that the motions made and issues raised before it are managed efficiently and justly[,]" including the authority to award attorney's fees.).

In the present matter, it appears to the Court that the Motion for Contempt and Rule to Show Cause were necessary to ensure compliance with Debtors' confirmed plan as Green Tree and NewRez continue to violate the terms of the plan as well as the Court's November 2020 Order by failing to deliver the certificate of title to the Manufactured Home to Debtors.

The Court finds the amount of $872.50 in attorney's fees and costs incurred in relation to the Motion for Contempt and Rule to Show Cause to be reasonable.[2]

For these reasons, **the Court hereby orders Green Tree and NewRez to tender a sum sufficient to pay $3,095.45 to Debtors' counsel**, which constitutes the attorney's fees and costs incurred in connection with the Motion for Contempt and Rule to Show Cause and the attorney's fees and costs previously awarded in the November 2020 Order, **within fourteen (14) days after the entry of this Order**.

## CONCLUSION

For the foregoing reasons, Green Tree and NewRez are hereby ordered to do the following **within fourteen (14) days of the entry of this Order**:

- **Satisfy the lien on the Manufactured Home and deliver its title to Debtors' counsel as previously ordered in the November 2020 Order.**
- **Tender $3,095.45, representing the attorney's fees and costs awarded to Debtors in this matter, to Debtors' counsel (Michael Glen Matthews, 2015 Boundary St., Suite 319, Beaufort, SC 29902);**
- **Tender $3,600.00, representing the per-day sanction for Green Tree and NewRez's noncompliance with the November 2020 Order, to Debtors' counsel to be held in escrow until such time as the Court enters an order directing the recipient of the sanction; and**
- **File a Certification of Compliance, including proof of remittance as to the payments required under this Order.**

Upon the failure to timely comply with this Order, a sanction of $250.00 per day shall apply and continue to accrue until such time as Green Tree and NewRez have fully complied with this Order and filed the certification of compliance with the Court. Upon any failure to timely comply with this Order, Debtors may request the present matter be scheduled for a further hearing to consider any additional sanctions.

---

[2] In making this determination, the Court was guided by the twelve-factor test set forth by the Court of Appeals for the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The Clerk of Court is hereby direct to serve a copy of this Order by first class mail on Debtors, Debtors' counsel, the Chapter 13 Trustee, Green Tree,[3] and NewRez.[4]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
January 8, 2021

**FILED BY THE COURT**
**01/08/2021**



*John E. Waites*
US Bankruptcy Judge
District of South Carolina

Entered: 01/08/2021

---

[3] The Clerk of Court shall serve Green Tree at the address listed for notices in its proof of claim filed in Debtors' case: Attn: Officer, Managing or General Agent, Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709-6154.

[4] The Clerk of Court shall serve NewRez at the address listed for its Registered Agent according to the South Carolina Secretary of State: Corporation Service Company, Registered Agent for NewRez LLC, 508 Meeting Street, West Columbia, South Carolina 29169.